UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MARIA SANTOS, on behalf of herself and all other persons similarly situated,

Plaintiff,

-against-

**COMPLAINT**

MODERN CLEANING SYSTEMS CORP. and BRIAN DELUCA,

Defendants.
---------------------------------------------------------------------X

Plaintiff, MARIA SANTOS, by and through her attorneys, the Romero Law Group PLLC, on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants, MODERN CLEANING SYSTEMS CORP. and BRIAN DELUCA, on behalf of herself and other all other persons similarly situated against the Defendants to remedy violations of the FLSA. Plaintiff seeks to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. § 201 *et seq*., and other applicable federal law.

2. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of the Court over Plaintiff's New York Labor Law claims is invoked under 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391

6. Defendants do business within the Eastern District of New York.

**THE PARTIES**

7. At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

8. Defendant, MODERN CLEANING SYSTEMS CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

9. At all times relevant, Defendant, MODERN CLEANING SYSTEMS CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

10. At all relevant times, Defendant, MODERN CLEANING SYSTEMS CORP., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in cleaning and maintaining commercial business and used goods, equipment and other materials, such as janitorial tools and supplies, much of which originated in states other than New York.

11. Defendant, BRIAN DELUCA, is/was the President or Chief Executive Officer of MODERN CLEANING SYSTEMS CORP., is/was a shareholder of the defendant MODERN CLEANING SYSTEMS CORP., has/had authority to make payroll and personnel decisions for the defendant MODERN CLEANING SYSTEMS CORP., is/was active in the day-to-day

management of MODERN CLEANING SYSTEMS CORP., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

**FACTS**

12. Defendants are engaged in the building maintenance industry.

13. Plaintiff was employed by Defendants as a custodial worker cleaning commercial buildings from February 2016 until October 2025.

14. Plaintiff regularly worked more than 40 hours each week but was not paid overtime at the rate of one and one-half times her regular hourly rate of pay for hours worked after 40 hours per week.

15. In order to circumvent their obligation to Plaintiff premium overtime pay for the hours that she worked after 40 hours in a single workweek, Defendants issued Plaintiff multiple paychecks each pay period and paid Plaintiff at her regular hourly rate for all hours worked, including those hours that Plaintiff worked after 40 hours in a workweek.

16. For example, for the period beginning August 2 and ending August 8, 2025, Defendants issued Plaintiff two checks each for 40 hours at $16.50 per hour; for the period beginning August 30 and ending September 5, 2025, Defendants issued Plaintiff two checks each for 40 hours at $16.50 per hour.

17. Defendants failed to pay Plaintiff and the FLSA Collective premium overtime for all hours worked in excess of forty hours per week.

18. Defendants' failure to pay Plaintiff and the FLSA Collective at the required overtime rate was willful.

19. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

20. Defendants failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

21. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

22. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay on a statement each pay period, prevented Plaintiff from knowing to what extent she had been underpaid and seeking payment for the precise amount of her unpaid wages.

23. As a result, Plaintiff was deprived of her income for longer than she would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much she had been underpaid throughout her employment. Plaintiff would have asserted her claim sooner if accurate statements had been provided.

24. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that she worked after 40 hours per workweek.

**COLLECTIVE ACTION ALLEGATIONS**

25. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

26. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

27. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants as custodial workers and cleaners, at any time during the three (3) years prior to the filing of their respective consent forms.

28. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**<u>RULE 23 CLASS ACTION ALLEGATIONS</u>**
**<u>NEW YORK STATE LABOR LAW</u>**

29. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

employed by the Defendants as custodial workers and cleaners at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

30. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

31. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as custodial workers at any time during the six (6) years prior to the filing of this Complaint.

32. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

33. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime wages for hours worked in excess of forty hours in a single workweek;

(b) whether Defendants' general practice of failing and/or refusing to pay the Plaintiff and Class overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(c) whether Defendants failed to furnish the Plaintiff and Class members with a notice of wage rate upon their hire;

(d) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(e) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(f) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(g) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

34. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendants failed to pay overtime wages and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

35. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

36. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

37. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

39. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

40. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

41. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FLSA OVERTIME**

42. Plaintiff repeats and re-alleges each and every allegation contained herein.

43. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

44. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NYLL OVERTIME**

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of NYLL.

48. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**<u>THIRD CLAIM FOR RELIEF</u>**
**<u>NYLL WAGE NOTICE</u>**

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by NYLL § 195(1).

51. Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**<u>NYLL WAGE STATEMENT</u>**

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide Plaintiff and Class Members with a statement with every payment of wages as required by NYLL § 195(3).

54. Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a collective action pursuant to FLSA 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq*.;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL;

(iv) Unpaid overtime wages, liquidated damages, statutory damages, and pre- and post-judgment interest pursuant to NYLL § 198(1-a);

(v) Certification of a class action pursuant to Fed.R.Civ.P. 23;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 16, 2025

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
_________________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Modern Cleaning Systems Corp also known as DeLuca Cleaning Systems, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

Maria Santos.

Maria Magdalena Santos

10/21/2025

Date